IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HANNA SHALAKHTI | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:16-cv-695 |
| | § | |
| NATIONWIDE MUTUAL FIRE INSURANCE | § | |
| CO. AND ALARM SECURITY GROUP, LLC | § | |
| D/B/A ASG SECURITY | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant, Nationwide Mutual Fire Insurance Company ("Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Hanna Shalakhti v. Nationwide Mutual Fire Insurance Co. and Alarm Security Group, LLC. D/B/A ASG Security*; Cause No. 2016CI04207, in the County Court at Law No. 3 of Bexar County, Texas.

## I.
## BACKGROUND

1.      Plaintiff Hanna Shalakhti (hereinafter "Plaintiff") initiated the present action by filing her Original Petition in Cause No. 2016CI04207, in the County Court at Law No. 3 of Bexar County, Texas on May 27, 2016 (the "State Court Action").  *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2.      Nationwide appeared and answered on July 1, 2016, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.  *See* Defendant's Original Answer, attached as **Exhibit B**.

3.      Pursuant to 28 USC § 1446(a),  a copy of all process, pleadings, and orders served upon Nationwide in the State Court Action not otherwise specifically identified as separate exhibits are incorporated in **Exhibit A**.

4.      Defendant Alarm Security Group LLC., d/b/a/ ASG Security ("ASG Security"), has not yet been served with Plaintiff's Original Petition.  Nonetheless, counsel for ASG Security has advised undersigned counsel that ASG Security consents to removal of this action pursuant to 28 USC § 1446(b).

5.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Nationwide will give written notice of the removal to Plaintiff through her attorney of record, and to the clerk of the County Court at Law No. 3 of Bexar County, Texas.

6.      Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Nationwide of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

7.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

8.      Plaintiff is domiciled in Bexar County, Texas.  *See* **Exhibit A** at ¶ 1.1.  Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

9.     Nationwide is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

10.     Upon information and belief, ASG Security is organized under the laws of Delaware and maintains its principal place of business in Romeoville, Illinois.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, ASG Security is a citizen of the States of Delaware and Illinois.

11.     Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.     Amount in Controversy**

12.     In compliance with Texas Rule of Civil Procedure 47, Plaintiff's has pled that she seeks "monetary damages in the amount of one hundred thousand and NO/100 ($100,000.00) dollars or less."  *See* **Exhibit A** at ¶ 3.1.  Plaintiff attaches to her petition a Sworn Statement in Proof of Loss, which calculated the "amount claimed" under Plaintiff's insurance policy with Nationwide at $22,505.80, based upon a schedule of damages totaling $25,005.96. *See Id.* at doc. page 50-51. Plaintiff's policy limits for coverage for business personal property is $72,100. *See Id.* at doc. page 11.

13.     Plaintiff's Original Petition seeks compensation from Nationwide for not only policy benefits, but also for lost income.  Plaintiff alleges that her "ability to use the insured property to produce income has been crippled by (Nationwide's) conduct, with a resulting loss of profits to Plaintiff in a sum in excess of the minimum jurisdictional limits of this court." *See Id.* at ¶ 9.1.  Plaintiff alleges that Nationwide's conduct was done knowingly, entitling Plaintiff to recover "additional damages of up to three times the sum of actual damages." *See Id.* at 11.2. Plaintiff seeks attorney's fees under the Texas Insurance Code. *See Id.* at ¶ 10.1.  Plaintiff also

seeks 18% penalty interest under the Texas Insurance Code.  *See Id.* at 10.1.  Plaintiff seeks additional damages under her common law bad-faith claim. *See Id.* at 12.3.  In total, Plaintiff has pled relief for actual damages, additional damages, exemplary damages, 18% penalty interest, attorney's fees, pre and post-judgment interest, and costs of court. *See Id.* at

14.     Plaintiff seeks a trebling of her actual damages.  Looking only to the claimed policy benefits, $22,505.80, a trebling of actual damages would total $67,517.40.  Plaintiff seeks additional damages for lost income, but in an undisclosed amount.  Plaintiff also seeks recovery of her attorney's fees in an undisclosed amount.  Plaintiff seeks exemplary damages in an undisclosed amount, which under the Texas Civil Practice and Remedies Code § 41.008(b) is limited to $200,000.

15.     The amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied based on the allegations and recoveries sought in Plaintiff's Original Petition.  Plaintiff's monetary claims, including the claims for penalties, exemplary damages, additional damages, and attorney's fees, are all included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  The test is whether "it is more likely than not" that the amount of the claim will exceed the jurisdictional threshold." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995).  Plaintiff's exemplary damage claims alone could satisfy the requirement, as Texas law limits such claims to $200,000. *Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876, at *2 (S.D. Tex. Oct. 7, 2015).  Plaintiff's requested trebling of insurance benefits owed totals over $67,500, and Plaintiff seeks in addition to that amount her lost income, her attorney's fees, 18% penalty interest ($4,051 annually based only upon the policy benefits sought), and additional exemplary or enhanced damages.  Accordingly,

the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied based upon the allegations and recoveries sought by Plaintiff.

## III.
## CONCLUSION

16.     Removal of this action under 28 U.S.C. § 1441(b) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been meet.

17.     WHEREFORE, Defendant Mutual Fire Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:   (512) 476-7832

**ATTORNEYS FOR DEFENDANT
NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

       This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 8th day of July, 2016.

Charles Tabet                                                                      ***<u>7196 9008 91111861 5409</u>***
2600 McCullough Ave.
San Antonio, Texas 78212


                                      *<u>/s/ Patrick M. Kemp</u>*
                                        Patrick M. Kemp